2013-04-25 13:30:14

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF JASPER | ) | |
| John Middleton | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2013-CP - 27- *183* |
| vs. | ) | |
| South Carolina Department of Corrections and Ridgeland Correctional Institute, et al. | ) | |
| Defendant(s) | ) | |

Submitted By: Fleet Freeman
Address: 941 Houston Northcutt Blvd, Suite 204
Mt. Pleasant, SC 29464

SC Bar #:  **10435**
Telephone #:  **843-216-0009**
Fax #:  **843-216-1914**
Other:
E-mail:  **ffreeman@fflawfirm.com**

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  *(Check all that apply)*

***If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint    ☐ NON-JURY TRIAL demanded in complaint
☒ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules
☐ This case is exempt from ADR  (Proof of ADR/Exemption Attached)

## NATURE OF ACTION  *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-CP-___-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☒ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

RECEIVED
APR 2 5 2013
INSURANCE RESERVE FUND
CLAIMS DEPARTMENT

Submitting Party Signature _____    Date:  March 28, 2013

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S C Code Ann. §15-36-10 et seq

SCCA / 234 (04/2012)                    **EXHIBIT A**                    Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds.

   a   Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b.   Requests for temporary relief;

   c.   Appeals

   d.   Post Conviction relief matters,

   e   Contempt of Court proceedings;

   f.   Forfeiture proceedings brought by governmental entities;

   g   Mortgage foreclosures; and

   h   Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation

6   Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded

**Please Note:**     **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) |
| | ) |
| COUNTY OF JASPER | ) |
| | ) |
| JOHN MIDDLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SOUTH CAROLINA DEPARTMENT | ) |
| OF CORRECTIONS, RIDGELAND | ) |
| CORRECTIONAL INSTITUTION, | ) |
| LEVERN COHEN, individually and in | ) |
| official capacity, FREDERICK HAMER, | ) |
| individually and in official capacity, | ) |
| ✓ANTHONY ORR, individually and in | ) |
| official capacity, and JOHN DOE(s), | ) |
| whose true name(s) is/are unknown, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

IN THE COURT OF COMMON PLEAS
FOURTEENTH JUDICIAL CIRCUIT
CIVIL CASE NO. 2013-CP-27-_183_

SUMMONS
(JURY TRIAL DEMANDED)

RECEIVED

APR 2 5 2013

INSURANCE RESERVE FUND
CLAIMS DEPARTMENT

TO: THE DEFENDANTS ABOVE NAMED:

    YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

                                LAW OFFICES OF FLEET FREEMAN, LLC
                                Attorneys for Plaintiff

1

Fleet Freeman, SC Bar No. 10435
Beth Santilli, Of Counsel, SC Bar No.100407
941 Houston Northcutt Boulevard, Suite 204
Mt. Pleasant, SC 29464
843-216-0009 Telephone
843-216-1914 Facsimile
ffreeman@fflawfirm.com
beth@fflawfirm.com

Dated:  March 28, 2013

2013-04-25 13:30:16

STATE OF SOUTH CAROLINA          )     IN THE COURT OF COMMON PLEAS
                                 )     FOURTEENTH JUDICIAL CIRCUIT
COUNTY OF JASPER                 )     CIVIL CASE NO. 2013-CP-27- 183
                                 )
JOHN MIDDLETON,                  )
                                 )
          Plaintiff,             )                COMPLAINT
                                 )          (JURY TRIAL DEMANDED)
                                 )
     v.                          )
                                 )
                                 )
SOUTH CAROLINA DEPARTMENT        )
OF CORRECTIONS, RIDGELAND        )
CORRECTIONAL INSTITUTION,        )
LEVERN COHEN, individually and in)
official capacity, FREDERICK HAMER,)
individually and in official capacity,)
ANTHONY ORR, individually and in )
official capacity, and JOHN DOE(s),)
whose true name(s) is/are unknown,)
                                 )
          Defendants.            )
_____)

     Plaintiff, John Middleton, complaining of the above-named defendants, alleges and

would show the court:

### STATEMENT OF PARTIES AND JURISDICTION

     1.     Plaintiff is now and was at all times herein a resident of Colleton County, State of

South Carolina.

     2.     Plaintiff was employed by the South Carolina Department of Corrections at the

Ridgeland Correctional Institution in Jasper County, State of South Carolina, from February

2005 to March 30, 2011.  Plaintiff was a correctional officer with an exemplary record of service

until the events complained of herein occurred.

RECEIVED

APR 2 5 2013

INSURANCE RESERVE FUND
CLAIMS DEPARTMENT

2013-04-25 13:30:17

3.      Defendant, the South Carolina Department of Corrections, is a government agency and/or department within the State of South Carolina. As part of its governmental function in the operation, maintenance and control of the Ridgeland Correctional Institution, the South Carolina Department of Corrections employed management, supervisory and subordinate personnel who were charged with the responsibility of managing, controlling and supervising the affairs of the Ridgeland facility.

4.      Defendant, Ridgeland Correctional Institution, is a government agency and/or department within the State of South Carolina. Ridgeland Correctional Institution is a level two (2) medium security institution. Ridgeland Correctional Institution at all times mentioned herein was situated in Jasper County, State of South Carolina.

5.      Upon information and belief, defendant LeVern Cohen is a citizen and resident of Hampton County, State of South Carolina. At all times mentioned herein, said individual was employed by the South Carolina Department of Corrections, was acting within the scope of his employment and under color of state law, and is named individually and in his official capacity.

6.      Upon information and belief, defendant Frederick Hamer is a citizen and resident of Dorchester County, State of South Carolina. At all times mentioned herein, said individual was employed by the South Carolina Department of Corrections, was acting within the scope of his employment and under color of state law, and is named individually and in his official capacity.

7.      Upon information and belief, defendant Anthony Orr is a citizen and resident of Bamberg County, State of South Carolina. At all times mentioned herein, said individual was employed by the South Carolina Department of Corrections, was acting within the scope of his employment and under color of state law, and is named individually and in his official capacity.

8.     Upon information and belief, defendant John Doe(s) is a citizen and resident of the State of South Carolina whose true name is unknown.[1]  At all times mentioned herein, said individual was employed by the South Carolina Department of Corrections and was acting within the scope of his employment and under color of state law.

9.     Inmate, Thomas Doughty, the person alleged to be the subject of an assault by plaintiff on August 17, 2008, was confined at Ridgeland Correctional Institution in Jasper County, State of South Carolina, for having committed two prior violent felonies, including Assault and Battery with an Intent to Kill a female correctional officer at the Allendale Correctional Institution, when the events complained of herein occurred

### STATEMENT OF FACTS

10.     On August 17, 2008, at approximately 4:05 p.m., plaintiff observed Inmate Doughty brandishing a weapon made from a padlock with a shoe string tied to it.  The weapon is commonly known as a "lock-on-a-string" at the Ridgeland Correctional Institution.

11.     Upon information and belief, Ridgeland Correctional Institution sells padlocks to inmates housed at its facility.

12.     Upon information and belief, Ridgeland Correctional Institution provides or allows shoe strings to be possessed by inmates housed at its facility.

13.     Upon information and belief, Inmate Doughty purchased the padlock and obtained shoe strings from Ridgeland Correctional Institution and thereby crafted the lock-on-a-string weapon.

---

[1] *Unknown Parties.* Pursuant to Rule 10, SCRCP, when a party does not know the name of an adverse party, he may state that fact in the pleadings and designate such adverse party by any name and the words "whose true name is unknown," and when his true name is discovered, the pleadings must be amended accordingly.

14.    Upon seeing that Inmate Doughty had the lock-on-a-string weapon, plaintiff called for assistance from the First Responders. Initially, no First Responder answered his call for help.

15.    Plaintiff gave Inmate Doughty several verbal directives to drop the weapon and return to his cell, but Doughty began swinging the weapon in a circular manner as he moved closer toward plaintiff.

16.    Plaintiff un-holstered his chemical munitions and administered a burst in the direction of Inmate Doughty's face, but Doughty continued to advance toward plaintiff while swinging the lock-on-a-string.

17.    Officer Kenneth Cobb came to assist plaintiff in bringing Inmate Doughty under control. Both Cobb and plaintiff administered additional chemical munitions toward Inmate Doughty's face and ordered him to return to his cell. Doughty did not comply.

18.    Inmate Doughty then struck Officer Cobb with the lock-on-a-string causing Cobb to suffer a serious injury to the back of his head requiring medical attention.

19.    Upon information and belief, Inmate Doughty was charged with Assault and Battery with Intent to Kill for this attack on Cobb.[2] Doughty pled to a lessor assault misdemeanor charge.

20.    After Officer Cobb was injured, plaintiff called a second time for assistance from the First Responders. Sergeant Johnnie Bryant arrived to assist with Inmate Doughty.

21.    After giving Inmate Doughty additional orders to drop the weapon, plaintiff and Sergeant Bryant again administered chemical munitions into Doughty's face. Seemingly unaffected by the gas, Doughty kept advancing while swinging the lock-on-a-string.

---

[2] Inmate Doughty committed a near fatal attack on Sergeant Gussie Washington in 2003 at the Allendale Correctional Institution. It took <u>eight</u> prison personnel to subdue Inmate Doughty to keep him from killing Sergeant Gussie Washington with a weapon Doughty made from crutches acquired at the Allendale facility.

22.    Inmate Doughty continued to be violent, combative and disobedient, whereupon plaintiff and Sergeant Bryant used a takedown procedure to wrestle Doughty to the floor before handcuffing him.

23.    Despite being blinded by gas, plaintiff and Sergeant Bryant assisted Inmate Doughty to his feet and began walking with Doughty near the exit door. All three fell to the floor with Doughty hitting the concrete face first. Plaintiff and Bryant again assisted Inmate Doughty to his feet, and Doughty was turned over to Sergeant John Wiggins while plaintiff and Bryant ministered to their burning eyes.

24.    After Inmate Doughty was outside the building, it was discovered that he had sustained a laceration to his forehead for which he was medically treated.

25.    The South Carolina Department of Corrections assigned Investigator Frederick Hamer and Investigator Anthony Orr to investigate the incident.

26.    Upon information and belief, no pictures or videos were taken at the time of the incident and the scene was neither closed down nor secured after the incident.

27.    Investigators Hamer and Orr gathered evidence and took statements from prison personnel and inmates. Many of the statements were inconsistent with each other; however, the statements were uniformly consistent in reporting that no one witnessing the incident observed plaintiff (or Sergeant Bryant) do anything to cause the injury to Inmate Doughty. Only Doughty reported that plaintiff bulldogged him into the wall.

28.    Approximately a week after the incident, plaintiff was suspended from his employment with the South Carolina Department of Corrections without pay or benefits.

29.    Investigator Hamer was in possession of all of the conflicting statements and evidence, including the absolute denials by plaintiff and Sergeant Bryant, and nonetheless signed

sworn affidavits charging both plaintiff and Bryant with Assault and Battery with Intent to Kill and Misconduct in Office for providing alleged inconsistent statements.

30.     Based on Investigator Hamer's affidavits, plaintiff and Sergeant Bryant were seized, arrested and jailed.  Both were later released on personal recognizance bonds

31.     The charging affidavits for Assault and Battery with Intent to Kill and Misconduct in Office stated that plaintiff and Sergeant Bryant could not explain how the injury occurred and did not provide any information as to how the inmate received the injury.

32.     Plaintiff was indicted by a Jasper County Grand Jury with the identical charges lodged by Investigator Hamer.

33.     Plaintiff and Sergeant Bryant retained counsel.  The charges against Bryant were dismissed early in Spring 2009.

34.     The charges against plaintiff remained.  Plaintiff made multiple requests for discovery, filed motions to compel discovery, and filed motions to set a date for trial.  Despite demands and motions, the State stonewalled the case by refusing to provide discovery and refusing to set the case down for trial.

35.     An Assistant Solicitor in March 2010 offered to dismiss the case against plaintiff if he would release the defendants from all liability for civil damages.  Plaintiff rejected the offer.

36.     In September 2010, despite believing the charges against plaintiff were made up of "lies and B.S.," the same Assistant Solicitor maintained that he could not dismiss the case after having "numerous discussions with numerous persons."  The Assistant Solicitor then offered to consider a plea for a lessor charge. Plaintiff rejected that offer as well.

37.     In contravention of defendants' own internal policy, defendants denied plaintiff the right to have counsel present during employment termination proceedings, but nonetheless terminated plaintiff from his job with the South Carolina Department of Corrections as of close of business on March 30, 2011.

38.     Upon information and belief, the persons with whom the Assistant Solicitor had discussions were all agents or representatives of the South Carolina Department of Corrections and included, but are not limited to, the above-named individual defendants and John Does.

39.     Upon information and belief, defendants, in combination with each other, refused to consent to the dismissal of plaintiff's charges so as to shield themselves from any wrongdoing and to protect their own employment.  This conduct was designed to allow the statute of limitations to run on several potential civil causes of action against the defendants.

40.     After the statute of limitations had presumptively run on various civil claims, the State *nolle prossed* the charges against plaintiff on May 14, 2012, citing the inconsistent statements of those whom Investigator Hamer and Investigator Orr interviewed.

41.     Upon information and belief, the evidence against plaintiff did not materially change from the date that plaintiff was charged until the date the charges were dismissed.

42.     During the nearly four years that plaintiff was forced to live under the yoke of felony indictments, he could not find employment, he could not support his children, he could not pay his debts or living expenses, he was forced to move in with his mother, he was forced to file bankruptcy, and he suffered from depression, anxiety and insomnia.

43     As a direct and proximate result of defendant's wrongful conduct, plaintiff has suffered harm, loss and injury including:

(a)     Past and future lost income and benefits,

Page 7 of  20

(b)    Damage to health and incurring medical expenses,
(c)    Injury to reputation,
(d)    Past and future lost employment opportunities,
(e)    Past and future lost educational opportunities,
(f)    Out-of-pocket expenses,
(g)    Mental pain and suffering,
(h)    Anguish, fright, nervousness,
(i)    Psychological trauma,
(j)    Embarrassment, humiliation, insults and indignity,
(k)    Inability to support his children,
(l)    Financial loss from defending against the criminal action including attorneys fees, expenses and costs, and
(m)    Costs and expenses of this litigation.

### FIRST CAUSE OF ACTION
Against All Defendants
South Carolina Tort Claims Act
(Negligence/Gross Negligence)

44.    Plaintiff hereby realleges all previous paragraphs of this complaint as if fully set forth herein.

45.    Defendants owed a duty of care to plaintiff in the investigation of the alleged assault upon Inmate Doughty and in defendants' decision to initiate and continue the pursuit of criminal charges against plaintiff for the alleged assault upon Inmate Doughty.

46.    Defendants breached the aforementioned duties to plaintiff and were reckless, willful, wanton and/or grossly negligent in one or more of the following particulars:

(a)    Housing Inmate Doughty at the Ridgeland facility where he had lesser supervision and greater freedom in his activities and movements despite his record of violent attacks;

(b)    Allowing Inmate Doughty to obtain and possess items to craft a lethal weapon;

(c)    Failing to collect timely evidence from the alleged scene of the incident;

(d)    Failing to take timely pictures and/or capture video of the incident;

2013-04-25 13:32:03

(e) Failing to close down and/or secure the incident area for collection of evidence;

(f) Failing to properly consider conflicting statements that did not corroborate Inmate Doughty's accusations;

(g) Failing to properly consider plaintiff's innocence;

(h) Failing to properly consider that no eye witness saw plaintiff or Sergeant Bryant cause the injury to Inmate Doughty;

(i) Possessing conflicting statements and evidence, including the absolute denials by plaintiff and Sergeant Bryant, and nonetheless signing sworn affidavits to issue warrants;

(j) Continuing to prosecute plaintiff in a design to allow the statute of limitations to run on various civil causes of action;

(k) Prosecuting plaintiff for nearly four years even though the evidence did not materially change from the date that plaintiff was charged until the date the charges were dismissed; and

(l) Other such particulars as the evidence will show during discovery and trial.

47.     As a direct and proximate result of the aforesaid wrongful conduct, plaintiff has suffered harm, loss and injury. Plaintiff is informed and believes that he is entitled to recover actual damages in an amount sufficient to fully compensate him, together with the costs of this litigation.

**SECOND CAUSE OF ACTION**
Against All Defendants
South Carolina Tort Claims Act
(Malicious Prosecution)

48.     Plaintiff hereby realleges all previous paragraphs of this complaint as if fully set forth herein.

2013-04-25 13:32:05

49.    The institution of the criminal proceedings against plaintiff was on September 24, 2008, based on the sworn affidavit of Investigator Frederick Hamer and with the approval of Hamer's superiors.

50.    Defendants set the proceedings in motion by causing two warrants to be issued for plaintiff  Defendants continued the criminal proceedings against plaintiff for nearly four years.

51.    The charges against plaintiff were dismissed in plaintiff's favor on May 14, 2012, when the Solicitor *nolle prossed* the charges for the following reason. "There are three independent witnesses in this case and their statements do not corroborate each other's or the Victim's statement of the events leading to the Defendant's charges." This dismissal implies and is consistent with plaintiff's innocence.

52.    Defendants acted intentionally, without just cause, and with a total disregard of the consequences to plaintiff by instituting criminal proceedings based on a grossly negligent investigation and working to continue the criminal proceedings by withholding information, ignoring statements consistent with plaintiff's innocence, delaying and blocking the discovery process, and pressuring the Solicitor's Office to prosecute plaintiff.

53.    The criminal charges lacked probable cause because the initial and on-going investigation by the defendants produced only inconsistent statements which ruled out any viable and/or probative evidence to establish or otherwise prove plaintiff's commission of the offenses charged. After nearly four years, the evidence against the plaintiff was the same; it did not materially change from the date the plaintiff was charged until the date the charges were dismissed.

54.    As a direct and proximate result of the aforesaid wrongful conduct, plaintiff has suffered harm, loss and injury. Plaintiff is informed and believes that he is entitled to recover

actual damages in an amount sufficient to fully compensate him, together with the costs of this litigation.

### THIRD  CAUSE OF ACTION
Against All Defendants
South Carolina Tort Claims Act
(Abuse of Process)

55.    Plaintiff hereby realleges all previous paragraphs of this complaint as if fully set forth herein.

56.    Defendants' agents, servants and employees, including Warden Cohen, Investigator Orr, Investigator Hamer numerous John Doe(s), worked in combination with each other to pursue and keep criminal charges pending against plaintiff.

57.    Defendants had the ulterior purpose of covering up their own reckless, willful, wanton and/or gross negligence in the supervision of Inmate Doughty and the investigation of the alleged assault upon Inmate Doughty.

58.    By maintaining the criminal charges against plaintiff, the defendants attempted to shield themselves from any wrongdoing and protect their own employment.  This improper use of the legal process was designed to allow the statute of limitations to run on several potential civil causes of action that may have been filed by Inmate Doughty, other correctional officers, and/or plaintiff.

59.    As a direct and proximate result of the aforesaid wrongful conduct, plaintiff has suffered harm, loss and injury.  Plaintiff is informed and believes that he is entitled to recover actual damages in an amount sufficient to fully compensate him, together with the costs of this litigation.

2013-04-25 13:32:28

## FOURTH CAUSE OF ACTION
Against All Defendants
South Carolina Tort Claims Act
(Civil Conspiracy)

60.     Plaintiff hereby realleges all previous paragraphs of this complaint as if fully set forth herein.

61.     A combination of defendants' agents, servants and employees, including Warden Cohen, Investigator Orr, Investigator Hamer and numerous John Doe(s), engaged in a concerted design to proffer and maintain wrongful criminal charges against the plaintiff for an alleged assault on Inmate Doughty.

62.     Defendants intended to injure plaintiff by causing him to be unjustly prosecuted, discredited, wrongfully terminated from his job, defamed of his good character and standing in the community, and subjected to anxiety and emotional distress.

63.     Without the combination of defendants conspiring with each other, defendants would not have been able to maintain criminal charges against plaintiff for such a lengthy period of time to cover-up their own reckless, willful, wanton and/or gross negligence and shield themselves from any wrongdoing and/or civil liability.

64.     As a result of defendants' conspiracy, plaintiff was required to retain legal counsel to defend against the wrongful criminal charges and thereby incurred special damages in the form of legal fees, costs and expenses.  Plaintiff seeks judgment against defendants in an amount sufficient to fully compensate him as may be determined by the trier of fact.

## FIFTH CAUSE OF ACTION
Against All Defendants
South Carolina Tort Claims Act
(Wrongful Discharge – Violation of Public Policy)

65. Plaintiff hereby realleges all previous paragraphs of this complaint as if fully set forth herein.

66. Plaintiff was employed by the South Carolina Department of Corrections at the Ridgeland Correctional Institution as a correctional officer from February 2005 to March 30, 2011. Plaintiff had an exemplary record of service until the events complained of herein occurred.

67. Should plaintiff be found an "at-will" employee in his position as correctional officer at the Ridgeland Correctional Institution, defendants' termination of plaintiff was in retaliation of plaintiff's refusal to waive his civil remedies in exchange for the dismissal of his criminal case, and/or in retaliation of plaintiff's refusal to plead guilty to a lesser charge that plaintiff did not commit.

68. Defendants violated long standing South Carolina public policy by terminating plaintiff in retaliation for refusing to waive his civil remedies and/or refusing to plead guilty to a criminal charge he did not commit. Moreover, defendants denied plaintiff the right to have counsel present during termination proceedings of his employment on March 30, 2011, in contravention of defendants' own internal policy

69. Defendants owe plaintiff wages and the value of benefits to which plaintiff was entitled for the time that plaintiff was still employed by defendants but on suspension without pay and benefits.

70. Plaintiff is informed and believes that he is further entitled to recover for loss of past and future income, loss of past and future benefits, loss of past and future career opportunity, and loss of past and future educational opportunity.

71.    As a direct and proximate result of the aforesaid wrongful conduct, plaintiff has suffered harm, loss and injury. Plaintiff is informed and believes that he is entitled to recover actual damages in an amount sufficient to fully compensate him, together with the costs of this litigation.

72.    Alternatively, if after discovery, plaintiff should be found to have had an employment contract with defendant, plaintiff asserts that defendants breached the contract by failing to exercise the duty of good faith and fair dealing by wrongly terminating plaintiff for the wrongful conduct discussed fully herein and denying plaintiff the right to counsel during termination proceedings.

### SIXTH CAUSE OF ACTION
Against All Defendants
South Carolina Tort Claims Act
(Defamation)

73.    Plaintiff hereby realleges all previous paragraphs of this complaint as if fully set forth herein.

74.    Defendants knew prior to the issuance of the arrest warrants for plaintiff that the facts and information published in the affidavits by the defendants were false and defamatory per se. The false and defamatory representations and allegations recited therein were as follows:

(a)    Assault / Assault and Battery with Intent to Kill (ABWIK): "That on August 17, 2008, at approximately 5:00 pm, the above named defendant, John Middleton, along with a Co-defendant did assault Inmate Thomas Doughty (victim) at the Ridgeland Correctional Institution. The victim had been acting out in a combative manner and was taken into custody. The victim received a laceration to the head area that required the victim to be transported to outside medical attention and admitted to the hospital. The defendant or the Co-defendant could [sic] explain how the victim received the injury. The incident did occurred [sic] in Jasper County and violates the SC Code of Laws as amended "

2013-04-25 13:32:57

(b)    Public / Public Official, Misconduct in Office: "That on or about August 17, 2008, at approximately 5:00 pm, the defendant John Middleton (Correctional Officer) did assault inmate Thomas Doughty at the Ridgeland Correctional Institution. The defendant along with another Co-defendant committed the act and attempted to cover up the crime. The inmate had to be transported to outside medical attention and was admitted to the hospital. The defendant is a sworn Correctional Officer. The defendant did not provide any iinformation [sic] as to how the inmate was injured, received a laceration to the head area. This incident did occurred [sic] in Jasper County and violates the SC Code of Laws as amended."

75.    The sworn statements were based on a reckless, willful, wanton and/or grossly negligent investigation containing inconsistent statements devoid of any viable, credible or probative evidence necessary to establish plaintiff's commission of the offenses charged.

76.    Before the procurement and issuance of the arrest warrants, plaintiff possessed a good name and character. The false statements of defendants exposed plaintiff to public hatred, contempt, ridicule and caused him to lose all prospects in obtaining a job and furthering his career.

77.    As a direct and proximate result of the aforesaid wrongful conduct, plaintiff has suffered harm, loss and injury. Plaintiff is informed and believes that he is entitled to recover actual damages in an amount sufficient to fully compensate him, together with the costs of this litigation.

## SEVENTH CAUSE OF ACTION
Against All Defendants
South Carolina Tort Claims Act
(Intentional Infliction of Emotional Distress)

78.    Plaintiff hereby realleges all previous paragraphs of this complaint as if fully set forth herein.

2013-04-25 13:32:57

79.    Defendants intentionally or recklessly inflicted severe emotional distress or were certain or substantially certain that such distress would result from their conduct as described herein.

80.    Defendants actions and conduct as described herein was so "extreme and outrageous" as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community.

81.    Defendants' actions and conduct as described herein caused the plaintiff emotional distress.

82.    The emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

83.    As a direct and proximate result of the aforesaid wrongful conduct, plaintiff has suffered harm, loss and injury. Plaintiff is informed and believes that he is entitled to recover actual damages in an amount sufficient to fully compensate him, together with the costs of this litigation.

### EIGHTH CAUSE OF ACTION
Against All Defendants
(42 U.S.C. § 1983)

84.    Plaintiff hereby realleges all previous paragraphs of this complaint as if fully set forth herein.

85.    That the aforesaid conduct on the part of the South Carolina Department of Corrections, Ridgeland Correctional Institution, LeVern Cohen, Frederick Hamer, Anthony Orr and John Doe(s) in acting under color of state law, violated the rights of the plaintiff guaranteed to him under the Constitution of the United States of America, including the Fourth Amendment

right to be free from unreasonable seizures, and the Fifth Amendment right to due process of law,

made applicable to the states by the Fourteenth Amendment, as follows:

      (a)    Making sworn statements for the issuance of two warrants against plaintiff based on a reckless, willful, wanton and/or grossly negligent investigation containing inconsistent statements devoid of any viable, credible or probative evidence necessary to prosecute plaintiff;

      (b)    Ignoring witness statements that ruled out plaintiff's commission of the offenses; yet, making sworn statements to have plaintiff deprived of his freedom, wrongfully prosecuted, and deprived of his ability to work;

      (c)    Continuing to prosecute plaintiff even though the on-going investigation produced no new evidence and continued to produce the same statements inconsistent with guilt and consistent with the plaintiff's innocence;

      (d)    Continuing the criminal process to deprive plaintiff of his freedom and ability to work until the statute of limitations had presumptively run on various civil causes of action;

      (e)    Requiring a release from civil liability and/or an admission of guilt to a lessor charge as a condition precedent to dismissing the charges, even though defendants knew that a criminal prosecution of plaintiff would not be successful; and

      (f)    Depriving plaintiff of his property interests in his job and right to obtain employment and to pursue a calling.

86.    As a direct and proximate result of the aforesaid wrongful conduct, plaintiff was

deprived of his freedom; wrongfully prosecuted; deprived of his ability to work; deprived of his

rights, liberties and due process of law, both substantive and procedural; was humiliated and

embarrassed; and suffered mental anguish, anxiety and damages for which plaintiff is informed

and believes he is entitled to recover actual and punitive damages as determined by the trier of

fact as well as attorney's fees, expenses and costs for the bringing and prosecution of this action

2013-04-25 13:32:58

## NINTH CAUSE OF ACTION
Against Defendants S.C. Department of Corrections and Ridgeland Correctional Institution
(42 U.S.C. § 1983)

87.    Plaintiff hereby realleges all previous paragraphs of this complaint as if fully set forth herein.

88.    In light of the duties assigned to investigators and other prison officials, it is foreseeable that they would encounter the need to investigate an alleged assault and make a decision as to whether to file criminal charges against and/or continue to prosecute criminal charges against another prison employee.

89.    Upon information and belief, defendants do not provide training programs or supervision adequate to prepare investigators and other prison officials for these duties that they are likely to encounter.

90.    The failure of defendants to provide such training programs or adequate supervision, in light of the duties that these investigators and other prison officials should reasonably be expected to engage in, constitutes a conscious and deliberate indifference to the rights of citizens.

91.    Furthermore, defendants have fostered among their investigators and other prison officials an unwritten policy, practice or custom of ignoring information throughout the course of an investigation if honestly considering such information could expose defendants to undesired civil litigation or termination of select employees.

92.    As a direct and proximate result of the aforesaid wrongful conduct, plaintiff was deprived of his freedom; wrongfully prosecuted; deprived of his ability to work; deprived of his rights, liberties and due process of law, both substantive and procedural; was humiliated and embarrassed; and suffered mental anguish, anxiety and damages for which plaintiff is informed

and believes he is entitled to recover actual and punitive damages as determined by the trier of

fact as well as attorney's fees, expenses and costs for the bringing and prosecution of this action.

## RELIEF SOUGHT

As a direct and proximate result of the acts and/or omission of all the defendants as

alleged herein, plaintiff has been injured and is entitled to damages for:

(a)   Past and future lost income and benefits,
(b)   Damage to health and incurring medical expenses,
(c)   Injury to reputation,
(d)   Loss of past and future employment opportunities,
(e)   Loss of past and future educational opportunities,
(f)   Out-of-pocket expenses,
(g)   Mental pain and suffering,
(h)   Anguish, fright, nervousness,
(i)   Psychological trauma,
(j)   Embarrassment, humiliation, insults and indignity,
(k)   Inability to support his children,
(l)   Costs and expenses of this litigation, and
(m)   Other damages as may be determined.

Furthermore, pursuant to 42 U.S.C. § 1983, plaintiff is also entitled to attorney's fees,

expenses and costs of litigation as well as punitive damages.

WHEREFORE, the plaintiff respectfully prays for a judgment as follows:

(a)   For judgment against defendants the South Carolina Department of
Corrections and Ridgeland Correctional Institution, for all damages that
plaintiff may be legally entitled to, in such amounts as may be determined
appropriate by a judge and jury upon trial in this action;

(b)   For judgment against individual defendants LeVern Cohen, Frederick
Hamer, Anthony Orr and John Doe(s), for all damages that plaintiff may be
legally entitled to, in such amounts as may be determined appropriate by a
judge and jury upon trial in this action;

(c)   For costs and expenses of this litigation;

(d)   For attorney fees and punitive damages pursuant to 42 U.S.C. § 1983; and

2013-04-25 13:33:00

(e)    For such other relief as the Honorable Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff herein respectfully demands a jury trial on all issues of liability and damages in this matter.

LAW OFFICES OF FLEET FREEMAN, LLC
Attorneys for Plaintiff

Fleet Freeman, SC Bar No. 10435
Beth Santilli, Of Counsel, SC Bar No.100407
941 Houston Northcutt Boulevard, Suite 204
Mt. Pleasant, SC 29464
843-216-0009 Telephone
843-216-1914 Facsimile
ffreeman@fflawfirm.com
beth@fflawfirm.com

Dated:  March 28, 2013